```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

DARRELL RUFFIN,                    *
                                   *
    Plaintiff,                     *
                                   *
vs.                                *   CIVIL ACTION NO. 22-00477-TFM-B
                                   *
MOBILE COUNTY METRO JAIL,          *
*et al.*,                          *
                                   *
    Defendants.                    *

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Darrell Ruffin, a pretrial detainee at the Mobile County Metro Jail, filed a *pro se* complaint seeking relief for violation of his constitutional rights, along with a motion to proceed without prepayment of fees ("IFP motion").[1] (Docs. 1, 2). This action was referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1).

In his complaint, Ruffin alleged that his constitutional rights were being violated by the "Mobile County Metro Jail" and "Mobile County Court House." (Doc. 1 at 2). According to Ruffin, he was being held in a cell with four other inmates with no bond and no court date. (Id.). Ruffin also asserted that his right to

---

[1] Ruffin used forms from the Middle District of Alabama for his complaint and IFP motion. (See Docs. 1, 2).

a "fast and speedy trial" under "the 14 Amendment (Due Process)" was being violated. (Id.). In support of his claim, Ruffin asserted: "The DA in Mobile County with inexcusable and excessive holding with disregard to court process Mobile, Al[abama]." (Id. at 3). For relief, Ruffin asked "that the courts dismiss his charges" and "give him a bond." (Id. at 4).

Because Ruffin's complaint does not make clear whether he is seeking to proceed under 28 U.S.C. § 2241 or 42 U.S.C. § 1983, the Court, in an order dated November 30, 2022, explained to Ruffin the differences between a habeas petition brought under 28 U.S.C. § 2241 and a civil rights complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 3 at 2-6). The Court informed Ruffin that he was required to choose which type of action he wished to pursue in this case, depending on whether he sought to challenge his incarceration and seek his release after exhausting available state court remedies or bring claims based on his conditions of confinement at the jail. (Id. at 7). The Court directed that if Ruffin desired to proceed with this action, he must file either a § 2241 habeas petition or a § 1983 civil rights complaint and either pay the appropriate filing fee or file a new IFP motion[2] by

---

[2] The undersigned informed Ruffin that he was required to use this Court's own forms for any § 1983 complaint, habeas petition, or IFP motion he chose to file. (Doc. 3 at 7-8 & n.5). The Clerk was directed to send to Ruffin for his use copies of this Court's forms for a § 2241 habeas petition, a § 1983 prisoner complaint, and an IFP motion in a prisoner action. (Id. at 8-9).

2

December 30, 2022. (Id. at 7-8). The Court expressly warned Ruffin that failure to fully comply with the directives in the order within the prescribed time would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and obey the Court's order. (Id. at 8). The order and accompanying forms were mailed to Ruffin at the address listed on his complaint, namely the Mobile County Metro Jail, on December 1, 2022. To date, they have not been returned to the Court as undeliverable, and Ruffin has not filed anything in response to the Court's November 30, 2022 order.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay

3

or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339.

As noted previously, Ruffin has made no apparent attempt to comply with the Court's order directing him to file a § 2241 habeas petition or § 1983 complaint and pay the appropriate filing fee or file a new IFP motion by December 30, 2022. Ruffin's lack of response suggests that he has lost interest in and abandoned the prosecution of this action. In light of Ruffin's failure to prosecute this action and failure make a timely filing in response to the Court's order dated November 30, 2022, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

4

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **24th** day of **January, 2023.**

                                           **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**